UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, <br> CENTRAL LABORERS' WELFARE FUND, <br> CENTRAL LABORERS' ANNUITY FUND, <br> NORTH CENTRAL ILLINOIS LABORERS' <br>   HEALTH AND WELFARE FUND, <br> NORTHERN ILLINOIS & IOWA LABORERS' <br>   HEALTH & WELFARE FUND, <br> NORTHERN ILLINOIS LABORERS' ANNUITY FUND, <br> ILLINOIS LABORERS AND CONTRACTORS JOINT <br>   APPRENTICESHIP & TRAINING TRUST FUND, <br> NORTH CENTRAL LABORERS-EMPLOYERS <br>   COOPERATION AND EDUCATION TRUST, <br> MIDWEST REGION FOUNDATION FOR FAIR <br>   CONTRACTING, <br> ILLINOIS LABORERS' LEGISLATIVE COMMITTEE), <br> MARKET PRESERVATION FUND, <br> GREAT PLAINS LABORERS' VACATION FUND, <br> and the GREAT PLAINS LABORERS' DISTRICT COUNCIL <br>   WORKING DUES CHECK OFF FUND <br><br>                 Plaintiffs, <br> v. <br><br> DYNAMIC CONCRETE, INC., <br>   an Illinois corporation, and <br> DEAN'S DYNAMIC CONCRETE, INC., <br>   an Illinois corporation, <br><br>                 Defendant(s). | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No.  17-C-7751 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiffs Central Laborers' Pension Fund, *et al*., by their attorneys, for their Complaint against Defendants DYNAMIC CONCRETE, INC., and DEAN'S DYNAMIC CONCRETE, INC., allege as follows:

1

**COUNT I**
(Claim under ERISA for an audit against DYNAMIC CONCRETE, INC.)

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiffs are multiemployer pension funds, welfare funds, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations. The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3. Plaintiffs receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. Plaintiffs' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between Plaintiffs and employers.

4. Plaintiff Central Laborers' Pension Fund is the authorized collection agent for the other Plaintiffs with respect to fringe benefit contributions and dues payments.

5. DYNAMIC CONCRETE, INC. is an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). DYNAMIC CONCRETE,

INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6. DYNAMIC CONCRETE, INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements. Copies of signature pages of such collective bargaining agreements are attached as *Exhibit A*. DYNAMIC CONCRETE, INC. has never terminated the collective bargaining agreements and they remain in effect.

7. By virtue of certain provisions contained in the collective bargaining agreement(s), DYNAMIC CONCRETE, INC. became a party to and bound by Plaintiffs' trust agreements.

8. DYNAMIC CONCRETE, INC. became a party to and bound by one or more participation agreements with Plaintiffs. Copies of such participation agreements are attached as *Exhibit B*. DYNAMIC CONCRETE, INC. has never terminated the participation agreements and they remain in effect.

9. By virtue of certain provisions contained in the participation agreement(s), DYNAMIC CONCRETE, INC. became a party to and bound by Plaintiffs' trust agreements.

10. DYNAMIC CONCRETE, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to Plaintiffs.

11. DYNAMIC CONCRETE, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12. DYNAMIC CONCRETE, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to Plaintiffs.

13. Under the terms of the collective bargaining agreements, participation agreements and trust agreements, DYNAMIC CONCRETE, INC. is required to make fringe benefit contributions and dues payments to Plaintiffs on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of the agreements, DYNAMIC CONCRETE, INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14. Pursuant to the collective bargaining agreements, participation agreements, trust agreements, and ERISA, DYNAMIC CONCRETE, INC. is required to provide access to such records as are necessary for Plaintiffs to determine whether there has been compliance with obligations to contribute to Plaintiffs.

15. Upon information and belief, DYNAMIC CONCRETE, INC. has failed to make some of the contributions from time to time required to be paid by it to Plaintiffs pursuant to the terms of the collective bargaining agreement and trust agreements to which it is bound, all in violation of its contractual and statutory obligations.

16. DYNAMIC CONCRETE, INC. has failed and refused to provide access to such records as are necessary for Plaintiffs to determine whether there has been compliance with obligations to contribute to the Funds.

17. Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of DYNAMIC CONCRETE, INC.

18. The participation agreements and trust agreements provide that employers who become delinquent in making fringe benefit contributions are liable to Plaintiffs for the cost of an audit.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against DYNAMIC CONCRETE, INC. in favor of Plaintiffs.

B. Order DYNAMIC CONCRETE, INC. to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements.

C. Order DYNAMIC CONCRETE, INC. to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D. Order DYNAMIC CONCRETE, INC. to pay auditors' fees to Plaintiffs to Plaintiffs.

E. Order DYNAMIC CONCRETE, INC. to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F. Order DYNAMIC CONCRETE, INC. to perform and continue to perform all other obligations it has undertaken with respect to Plaintiffs.

G. Grant Plaintiffs such other and further relief as may be just.

**COUNT II**
(Claim under ERISA for an audit against DEAN'S DYNAMIC CONCRETE, INC.)

1. - 18. Plaintiffs reallege paragraphs 1 - 18 of Count I.

19. DEAN'S DYNAMIC CONCRETE, INC. is an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). DEAN'S DYNAMIC CONCRETE, INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

### Alter Ego and/or Single Employer

20. Upon information and belief, and at all times material to this complaint, DYNAMIC CONCRETE, INC. and DEAN'S DYNAMIC CONCRETE, INC. have been affiliated and intertwined business enterprises with substantially identical management, business purposes, operations, jobs, services, production processes, products, equipment, facilities, customers, personnel, supervision, and ownership.

21. Based on their nature and activities as alleged the preceding paragraph, DYNAMIC CONCRETE, INC. and DEAN'S DYNAMIC CONCRETE, INC. constitute a single integrated business enterprise and have been, at all material times, alter egos and a single employer.

### Assumption of Liability

22. DYNAMIC CONCRETE, INC. was involuntarily dissolved by the Illinois Secretary of State's Office on or about July 8, 2011.

23. Upon information and belief, upon the dissolution of DYNAMIC CONCRETE, INC., DEAN'S DYNAMIC CONCRETE, INC. continued the business operations of DYNAMIC CONCRETE, INC., becoming liable for the debts of the dissolved corporation and incurring liability for debts incurred by the business.

24. Upon information and belief, upon the dissolution of DYNAMIC CONCRETE, INC., DEAN'S DYNAMIC CONCRETE, INC. conducted business under the name of "DYNAMIC CONCRETE, INC.", becoming liable for the debts of the dissolved corporation and incurring liability for debts incurred by the business.

Successor Liability

25. Upon information and belief, DEAN'S DYNAMIC CONCRETE, INC. was established by DYNAMIC CONCRETE, INC. and its agents as a disguised continuation of DYNAMIC CONCRETE, INC.

26. DEAN'S DYNAMIC CONCRETE, INC. had notice of the liability of DYNAMIC CONCRETE, INC. to Plaintiffs before its continuation of DYNAMIC CONCRETE, INC.'s business, and there was a substantial continuity in the operation of the business before and after the handover.

27. Based on their nature and activities as alleged the preceding two paragraphs, DEAN'S DYNAMIC CONCRETE, INC. is the successor of DYNAMIC CONCRETE, INC. and as such is liable for the obligations of DYNAMIC CONCRETE, INC. and for breaches of the collective bargaining agreements, participation agreements and trust agreements by DYNAMIC CONCRETE, INC.

28. Under the terms of the collective bargaining agreements, participation agreements and trust agreements, DEAN'S DYNAMIC CONCRETE, INC. is required to make fringe benefit contributions and dues payments to Plaintiffs on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of the agreements, DEAN'S DYNAMIC CONCRETE, INC. is also required to submit

monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

29. Pursuant to the collective bargaining agreements, participation agreements, trust agreements, and ERISA, DEAN'S DYNAMIC CONCRETE, INC. is required to provide access to such records as are necessary for Plaintiffs to determine whether there has been compliance with obligations to contribute to Plaintiffs.

30. Upon information and belief, DEAN'S DYNAMIC CONCRETE, INC. has failed to make some of the contributions from time to time required to be paid by it to Plaintiffs pursuant to the terms of the collective bargaining agreement and trust agreements to which it is bound, all in violation of its contractual and statutory obligations.

31. DEAN'S DYNAMIC CONCRETE, INC. has failed and refused to provide access to such records as are necessary for Plaintiffs to determine whether there has been compliance with obligations to contribute to the Funds.

32. Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of DEAN'S DYNAMIC CONCRETE, INC.

33. The participation agreements and trust agreements provide that employers who become delinquent in making fringe benefit contributions are liable to Plaintiffs for the cost of an audit.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against DEAN'S DYNAMIC CONCRETE, INC. in favor of Plaintiffs.

B. Order DEAN'S DYNAMIC CONCRETE, INC. to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements.

C. Order DEAN'S DYNAMIC CONCRETE, INC. to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D. Order DEAN'S DYNAMIC CONCRETE, INC. to pay auditors' fees to Plaintiffs to Plaintiffs.

E. Order DEAN'S DYNAMIC CONCRETE, INC. to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F. Order DEAN'S DYNAMIC CONCRETE, INC. to perform and continue to perform all other obligations it has undertaken with respect to Plaintiffs.

G. Grant Plaintiffs such other and further relief as may be just.

### COUNT III
(Claim under ERISA for an audit against DEAN'S DYNAMIC CONCRETE, INC.)

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiffs are multiemployer pension funds, welfare funds, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations. The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3. Plaintiffs receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. Plaintiffs' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between Plaintiffs and employers.

4. Plaintiff Central Laborers' Pension Fund is the authorized collection agents for the other Plaintiffs with respect to fringe benefit contributions and dues payments.

5. DEAN'S DYNAMIC CONCRETE, INC. is an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). DYNAMIC CONCRETE, INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6. DEAN'S DYNAMIC CONCRETE, INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements. DEAN'S DYNAMIC CONCRETE, INC. has never terminated the collective bargaining agreements and they remain in effect.

7. By virtue of certain provisions contained in the collective bargaining agreement(s), DEAN'S DYNAMIC CONCRETE, INC. became a party to and bound by Plaintiffs' trust agreements.

8. DEAN'S DYNAMIC CONCRETE, INC. became a party to and bound by one or more participation agreements with Plaintiffs. DEAN'S DYNAMIC CONCRETE, INC. has never terminated the participation agreements and they remain in effect.

9. By virtue of certain provisions contained in the participation agreement(s), DEAN'S DYNAMIC CONCRETE, INC. became a party to and bound by Plaintiffs' trust agreements.

10. DEAN'S DYNAMIC CONCRETE, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to Plaintiffs.

11. DEAN'S DYNAMIC CONCRETE, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12. DEAN'S DYNAMIC CONCRETE, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to Plaintiffs.

13. Under the terms of the collective bargaining agreements, participation agreements and trust agreements, DEAN'S DYNAMIC CONCRETE, INC. is required to make fringe benefit contributions and dues payments to Plaintiffs on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of the agreements, DEAN'S DYNAMIC CONCRETE, INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14. Pursuant to the collective bargaining agreements, participation agreements, trust agreements, and ERISA, DEAN'S DYNAMIC CONCRETE, INC. is required to provide access to such records as are necessary for Plaintiffs to determine whether there has been compliance with obligations to contribute to Plaintiffs.

15. Upon information and belief, DEAN'S DYNAMIC CONCRETE, INC. has failed to make some of the contributions from time to time required to be paid by it to Plaintiffs pursuant to the terms of the collective bargaining agreement and trust agreements to which it is bound, all in violation of its contractual and statutory obligations.

16. DEAN'S DYNAMIC CONCRETE, INC. has failed and refused to provide access to such records as are necessary for Plaintiffs to determine whether there has been compliance with obligations to contribute to the Funds.

17. Plaintiffs have been required to employ the undersigned attorneys to identify and pursue collection of the amount due from DEAN'S DYNAMIC CONCRETE, INC.

18. The participation agreements and trust agreements provide that employers who become delinquent in making fringe benefit contributions are liable to Plaintiffs for the cost of an audit.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against DEAN'S DYNAMIC CONCRETE, INC. in favor of Plaintiffs.

B. Order DEAN'S DYNAMIC CONCRETE, INC. to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements.

C. Order DEAN'S DYNAMIC CONCRETE, INC. to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D. Order DEAN'S DYNAMIC CONCRETE, INC. to pay auditors' fees to Plaintiffs to Plaintiffs.

E. Order DEAN'S DYNAMIC CONCRETE, INC. to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F. Order DEAN'S DYNAMIC CONCRETE, INC. to perform and continue to perform all other obligations it has undertaken with respect to Plaintiffs.

G. Grant Plaintiffs such other and further relief as may be just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND, *et al.*

By: /s/ *Richard A. Toth*

Richard A. Toth
DALEY AND GEORGES, LTD.
*Attorneys for Plaintiffs*
20 S. Clark St., Suite 400
Chicago, Illinois 60603-1835
(312) 726-8797
Fax: (312) 726-8819
E-mail: rtoth@daleygeorges.com

7. The parties agree that nothing herein is intended to nor shall it be construed as creating recognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to the geographical jurisdiction of the Local Unions.

8. This Agreement shall remain in full force and effect through April 30, 2003, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9. The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this 28th day of June, 2002.

ACCEPTED: 6-28-02

LABORERS' LOCAL UNION NO. 393

BY: _Rockie Mann_
(Business Manager)
Field Rep

NORTH CENTRAL IL LABORERS'
DISTRICT COUNCIL

BY: _____
(Business Manager)

_Dynamic Concrete_
(Contractor Name)

BY: _____ VP
(Name & Title)

_803 Cimmaron Way_
(Address)

_Ottawa     IL    61350_
(City, State & Zip Code)

_815  431-0076_
(Telephone Number)

_815  431-9660_
(Facsimile Number)

▮▮▮▮▮▮▮
(Federal Employer Identification Number)



JUL 2002 RECEIVED

-3-

EXHIBIT A

Residential

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between __Dynamic Concrete__ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

__1.50__ per hour to Central Laborers' Pension Fund
__3.15__ per hour to Central Laborers' Welfare Fund
_____ per hour to Central Laborers' Annuity Fund
_____ per hour to Illinois Laborers' and Contractors' Training Trust Fund
_____ MRFFC

_____ per hour to Industry Advancement Fund
__2%__ Working Dues (@ or Cents gross per hour)
_____ LECT
_____ Other
_____ Other

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

**EMPLOYER**

Name of Business: __Dynamic Concrete Inc__
Address: __803 Cimmaron Way__
City/State/Zip Code: __Ottawa IL 61350__
Telephone: __815 431-0076__
Authorized Signature: ____
Title: __President__
Date: __6-25-02__

**CENTRAL LABORERS' FUNDS**

Authorized Signature: ____
Title: Executive Administrator
UNION # __174__ __522__
Territory in which Agreement signed: Local __393, 911__
Authorized Signature: __Rockie Mann__
Title: __Field Rep.__
Date: __6-24-02__

[JUL 2002 RECEIVED stamp]

EXHIBIT B

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union